IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD ADAMS,

      Plaintiff,                       No. CIV S-07-0707 GEB EFB P

     vs.

SCOTT KERNAN, et al.,

      Defendants.           ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $2.88 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

////

////

1

Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges in his complaint that defendant, Dr. Borges, refused to renew medical and other chronos upon his transfer to Folsom State Prison. He further alleges that defendant I. O'Brian refused to process his inmate appeals complaining of inadequate medical care. Further, plaintiff alleges that when he brought this fact to the attention of the Chief of Inmate Appeals, defendant Grannis, that nothing was done to remedy the situation. For the limited purposes of this initial screening it appears that plaintiff has stated a claim against defendants Borges, O'Brian, and Grannis.

////

1  Plaintiff does not allege facts sufficient to state a claim against defendants Summersett
2  and Willey.  Plaintiff has failed to demonstrate an actual connection or link between the actions
3  of these defendants and the deprivation alleged to have been suffered by plaintiff, as required by
4  the statute under which he seeks relief.  *See* 42 U.S.C. §1983 and  *Monell*, 436 U.S. 658; *Rizzo*,
5  423 U.S. 362.  The court will therefore not order service upon these defendants.

6  Plaintiff has failed to allege facts sufficient to state a claim against defendants Ball,
7  Kernan, Malfi, and Walker.  Plaintiff's claims against these defendants are based solely upon a
8  theory of respondeat superior.  The court will therefore not order service upon these defendants.

9  Plaintiff may proceed forthwith to serve defendants Borges, O'Brian, and Grannis and
10 pursue his claims against only those defendants or he may delay serving any defendant and
11 attempt to state a cognizable claim against defendants Summersett, Willey, Ball, Kernan, Malfi,
12 and Walker in an amended complaint.  If plaintiff elects to attempt to amend his complaint to
13 state a cognizable claim against those defendants, he has 30 days so to do.  He is not obligated to
14 amend his complaint.

15 If plaintiff elects to proceed forthwith against defendants Borges, O'Brian, and Grannis,
16 against whom he has stated a cognizable claim for relief, then within 20 days he must return
17 materials for service of process enclosed herewith.  In this event the court will construe
18 plaintiff's election as consent to dismissal of all claims against defendants Summersett, Willey,
19 Ball, Kernan, Malfi, and Walker without prejudice.

20 Any amended complaint must show the federal court has jurisdiction, the action is
21 brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It
22 must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
23 who personally participated in a substantial way in depriving plaintiff of a federal constitutional
24 right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
25 deprivation of a constitutional right if he does an act, participates in another's act or omits to
26 perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *Cal. Code Regs. Tit.* 15, § 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Borges, O'Brian, and Grannis.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

////

1    2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial
2 payment of $2.88. All payments shall be collected and paid in accordance with the notice to the
3 Director of the California Department of Corrections and Rehabilitation filed concurrently
4 herewith.

5    3. Claims against defendants Summersett, Willey, Ball, Kernan, Malfi, and Walker are
6 dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his
7 complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged
8 to amend his complaint.

9    4. The allegations in the pleading are sufficient at least to state cognizable claims against
10 defendants Borges, O'Brian, and Grannis. *See* 28 U.S.C. § 1915A. With this order the Clerk of
11 the Court shall provide to plaintiff a blank summons, a copy of the pleading filed April 13, 2007,
12 3 USM-285 forms and instructions for service of process on defendants Borges, O'Brian, and
13 Grannis. Within 20 days of service of this order plaintiff may return the attached Notice of
14 Submission of Documents with the completed summons, the completed USM-285 forms, and
15 four copies of the April 13, 2007, complaint. The court will transmit them to the United States
16 Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Borges, O'Brian, and
17 Grannis will be required to respond to plaintiff's allegations within the deadlines stated in Fed.
18 R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith
19 as consent to an order dismissing his defective claims against defendants Summersett, Willey,
20 Ball, Kernan, Malfi, and Walker without prejudice.
21 Dated: May 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD ADAMS,

      Plaintiff,                  No. CIV S-07-0707 GEB EFB P

    vs.

SCOTT KERNAN, et al.,

      Defendants.          <u>NOTICE OF SUBMISSION</u>

                              /         <u>OF DOCUMENTS</u>

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

        One        completed summons

        ____        completed USM-285 forms

        ____        copies of the _____
                              Complaint/Amended Complaint

DATED:

                                                      Plaintiff